IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FERNANDO GONZALEZ-MORALES, JR., )
                 Petitioner, )
v. ) Case No. CIV-19-9-SLP
ROBERT FARLEY, )
  as senior warden, GPCF, )
                 Respondent. )

**O R D E R**

Before the Court are several requests or motions which have been filed subsequent to Petitioner filing his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1].

**I.    Introduction**

The Federal Bureau of Prisons[1] filed a Motion to Dismiss for Failure to State a Claim [Doc. No. 11], to which Petitioner responded and the BOP replied. *See* Resp., Doc. No. 12; Reply, Doc. No. 13. On May 24, 2019, U.S. Magistrate Judge Suzanne Mitchell issued a Report and Recommendation ("R&R") in which she recommended that the BOP's dismissal motion [Doc. No. 11] be granted and that the Court dismiss Petitioner's Petition. *See* R. & R., Doc. No. 14. Petitioner filed objections to Judge Mitchell's R&R [Doc.

---

[1] Petitioner's Petition lists Warden Farley of the Great Plains Correctional Facility ("GPCF") as the respondent in this action. The GPCF is a contracted correctional institution operated by a private corporation based on a contract that the corporation (GEO Group, Inc.) has with the BOP. Because the BOP indicates that it "is responsible for sentence-computation functions affecting federal detainees and inmates housed at the GPCF," it filed the instant motion to dismiss. Mot. 1, Doc. No. 11.

No. 15][2], to which the BOP responded and Petitioner replied. *See* Resp. to Objs., Doc. No. 16; Reply to Objs., Doc. No. 19. The Court reviews de novo any portion of the R&R to which Petitioner specifically objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Next, Petitioner filed a Motion Amending Objections to the Report and Recommendation to Comply with Local Court Rules [Doc. No. 20]. The BOP responded, Petitioner replied, and Petitioner's motion is at issue. *See* Resp., Doc. No. 23; Reply, Doc. No. 24. The Court construes Petitioner's request as seeking leave of the Court to supplant his objections to Judge Mitchell's R&R with his new filing, and the Court GRANTS Petitioner's request. The Court will consider Petitioner's now-accepted objections [Doc. No. 20], the BOP's response [Doc. No. 16], and Petitioner's reply [Doc. No. 19] (as well as the argument originally made by the parties in the briefs addressing the BOP's dismissal request) in determining whether to adopt the R&R issued by Judge Mitchell.[3]

Petitioner then filed a Motion Requesting Stay of the Proceedings [Doc. No. 21]. The BOP responded, and Petitioner's request for a stay is at issue. *See* Resp., Doc. No. 22; Reply, Doc. No. 25. Petitioner also filed a Motion for Appointment of Counsel [Doc. No. 26]. The BOP responded, and Petitioner's motion is at issue. *See* Resp., Doc. No. 28.

---

[2] Petitioner's objections to the R&R are styled as a "Motion Objecting to the Report and Recommendation and Requesting Stay of the Proceedings." *See* Doc. No. 15.

[3] The only apparent differences between Petitioner's original objections [Doc. No. 15] and his new objections [Doc. No. 20] are the deletion of his alternative request for a stay (now moved into a separate motion by Petitioner to comply with Federal Rule of Civil Procedure 7(b)(1) and Local Civil Rule 7.1(c)) and the deletion of the relief requested section of his brief, in which he reiterated the ultimate goal of his petition. Because Petitioner has not added new objections, timeliness concerns do not arise with his filing.

Finally, after Judge Mitchell issued her R&R, but before the Court ruled on Petitioner's objections thereto, Petitioner notified the Court that he now has completed the administrative appeals that he previously had not exhausted. *See* Mot. to Notify Court of Completion of the Administrative Remedy, Doc. No. 27.[4] The Court thus considers the impact, if any, of Petitioner's post-Petition exhaustion herein.

## II. Discussion and analysis

The Court first considers Petitioner's Objections [Doc. No. 16] to Judge Mitchell's R&R [Doc. No. 14]. The BOP seeks dismissal of Petitioner's claim against it on two grounds: (1) that Petitioner did not exhaust his administrative remedies and (2) on the substantive merits of Petitioner's claim. Because the Court finds dismissal based on the former is proper, the Court does not consider the latter. Judge Mitchell found that 28 U.S.C. § 2241 (the statute under which Petitioner seeks habeas relief) requires the exhaustion of available administrative remedies and that Petitioner had not exhausted his administrative remedies prior to filing his § 2241 Petition because he only completed some of the steps required to exhaust his administrative remedies fully. *See* R&R, Doc. No. 14. She further found that Petitioner was not excepted from the exhaustion requirement by futility. *See id.* The Court concurs with and fully adopts Judge Mitchell's determination and analysis.

Section 2241 habeas requests are subject to a non-jurisdictional exhaustion requirement. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion

---

[4] Although styled as a motion, the filing is actually a notice, and the Court treats it as such.

3

of available administrative remedies is a prerequisite for § 2241 habeas relief, although . . . the statute itself does not expressly contain such a requirement."). The opinions cited by Petitioner—*Gonzalez v. O'Connell*, 355 F.3d 1010 (7th Cir. 2004), and *Capps v. Sullivan*, 13 F.3d 350 (10th Cir. 1993)—do not state otherwise. *Gonzalez* relates to administrative appeal of a pre-deportation custody and bail determination in an immigration proceeding, not (as here) the administrative appeal of the decision within a correctional facility. *See* 355 F.3d at 1016. And while *Capps* indicates in dicta that "[n]o statutory exhaustion requirement applies to § 2241" (13 F.3d at 354 n.2), it does not address the non-statutory exhaustion requirement at issue here. *See Garza*, 596 F.3d at 1203. Moreover, this Court is bound to adhere to on-point Tenth Circuit precedent regarding exhaustion of administrative remedies in § 2241 cases. *See Williams v. Kastner*, No.CIV-13-1280-C, 2014 WL 1875104, at *1 (W.D. Okla. May 9, 2014) (rejecting an argument similar to that asserted by Petitioner).

Here, the BOP asserts that the exhaustion requirement applies and that it was not met, so exhaustion has not been waived by the BOP.

> BOP regulations require a prisoner to attempt informal resolution of a complaint and, if that fails, to submit a formal request for an administrative remedy to the institution. If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal.

*Garza*, 596 F.3d at 1204 (citation omitted). Although the regional portion of the appeal differs somewhat for a facility such as that in which Petitioner is housed as compared to a true BOP facility, the levels of administrative appeal are generally the same. Here, Petitioner admits that he had not, when he filed the § 2241 Petition, exhausted his

administrative remedies because he did not complete the ultimate step of a national appeal prior to filing his § 2241 Petition. Thus, his administrative remedies were not exhausted.

Petitioner is not due a futility exception from the exhaustion requirement based on the circumstances of this case. Petitioner asserts that he did not receive a decision on his regional appeal in a timely fashion (and before he initiated this lawsuit) and therefore could not make his national appeal. But when such a situation exists, a prisoner may not decline to make the national appeal. Instead, "if the inmate does not receive a response within the time allotted for reply [from the regional appeal], including extension, the inmate may consider the absence of a response to be a denial at that level." *Acosta v. Daniels*, 589 F. App'x 870, 872 (10th Cir. 2014) (unpublished) (quoting 28 C.F.R. § 542.18). Applied here, once Petitioner did not receive a response to his regional appeal in the time required for his regional appeal to be responded to (including any available extensions), "the fact that he never received it within the allotted time is equivalent to a denial at that level" and "he was entitled to [proceed to the next level] once his [regional] appeal was deemed denied based on a lack of response." *Id.*; *see also Eldridge v. Berkebile*, 576 F. App'x 746, 748 (10th Cir. 2014) (unpublished) ("Once [the petitioner] failed to receive a timely response to his BP-9, he could have considered that level denied and filed a BP-10, proceeding next to a BP-11. He did not, proceeding directly to district court. He thus failed to exhaust his available administrative remedies. [He] has not shown that proceeding to the end of the four-step program . . . would be futile."). To the extent Petitioner claims he was unaware that a lack of response to an administrative appeal could be considered a denial of that level

5

of appeal, his argument fails because he is held "responsible for knowing the rules of the appeals process." *Staples v. Maye*, 711 F. App'x 866, 869 (10th Cir. 2017) (unpublished).

The Court must consider the affect, if any, of Petitioner's post-Petition completion of the administrative appeal process. As to this lawsuit, it has no effect on the appropriate result of dismissing the Petition.[5] *See Moneyham v. Ebbert*, No. 3:16cv211, 2018 WL 6173044, at *4 (M.D. Pa. Nov. 26, 2018) ("Exhaustion is a precondition to filing suit. In other words, a prisoner may not properly file a Section 2241 motion and then afterward exhaust administrative remedies. The remedies must be exhausted prior to filing the petition." (emphasis and citation omitted)) (rejecting a petitioner's argument that his § 2241 petition should not be dismissed because he had exhausted his administrative remedies subsequent to filing the petition but prior to the Court's order of dismissal); *cf. Scarffol v. Bradley*, No. 7:16-cv-1943-MHH-TMP, 2019 WL 3194832, at *6 (N.D. Ala. May 21, 2019) ("[E]xhaustion *after* filing a [§ 2241] petition is not proper exhaustion, and [it] precludes the court's consideration of [the] petition . . . ."), *adopted by* 2019 WL 3082650 (N.D. Ala. July 15, 2019). "Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241." *Cartwright v. Outlaw*, No. 1:05-CV-797, 2007 WL 2317241, at *1 (E.D. Tex. Aug. 8, 2007).

Next, the Court considers whether Petitioner should receive his requested stay in order to administratively exhaust the appeals that he did not complete prior to filing his § 2241 Petition [Doc. No. 1]. Because he has now done so, his stay request is moot.

---

[5] The Court offers no opinion regarding whether, now that Petitioner's administrative remedies have been exhausted, he may file a new § 2241 petition.

6

Finally, the Court considers Petitioner's request that counsel be appointed for him. Because the Court is adopting Judge Mitchell's R&R and dismissing Petitioner's § 2241 Petition, his request is moot.

## III. Conclusion

IT IS THEREFORE ORDERED that Petitioner's Motion Amending Objections to the Report and Recommendation to Comply with Local Court Rules [Doc. No. 20], which the Court construes as a request for leave to supplant Petitioner's objections to Judge Mitchell's R&R is GRANTED, and the Court Petitioner's objections are so supplanted.

IT IS FURTHER ORDERED that Petitioner's Motion Requesting Stay of the Proceedings [Doc. No. 21] is DENIED as MOOT.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel [Doc. No. 26] is DENIED as MOOT in light of the rulings included herein.

IT IS FURTHER ORDERED that the Report and Recommendation [Doc. No. 14] is ADOPTED and Petitioner's Objections thereto [Doc. No. 20] are DENIED. Petitioner's Petition [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE.[6]

---

[6] Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") when entering a final order adverse to a petitioner. However, "a federal prisoner . . . does not need a COA to appeal a final judgment in a § 2241 case." *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015). Accordingly, the Court need not consider whether to issue a COA in this case.

IT IS SO ORDERED this 6th day of September, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE